IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA S. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-65-GPM-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a Report and Recommendation from United States Magistrate Judge Clifford J. Proud, submitted in accordance with 28 U.S.C. § 636(b)(1). As an initial matter, Carolyn W. Colvin replaces Michael Astrue as Defendant here as Carolyn W. Colvin was named Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R.Civ. P. 25(d), Carolyn W. Colvin is automatically substituted as defendant herein. *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

### Background

Plaintiff filed this action on January 20, 2012, seeking review of a final decision by the Commissioner of Social Security to deny her application for disability insurance benefits and supplemental security income (Doc. 2, p. 2-3). The Plaintiff alleges that her bilateral carpal tunnel syndrome, rheumatoid arthritis, anemia, obesity, and depression render her disabled (*Id.* at 1). The Commissioner denied her application after Administrative Law Judge (ALJ) Stuart T.

1

Janney, employing the required five-step analysis of 20 CFR § 404.1520, determined that Plaintiff had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) (Doc. 9-2, p. 21). ALJ Janney also found that Plaintiff was capable of performing her past relevant work as a home health aide (Doc. 9-2, p. 24). The hearing before ALJ Janney was held on August 30, 2010 (Doc. 9-2, p. 33). Plaintiff attended that hearing in person, represented by counsel. ALJ Janney rendered his decision on October 29, 2010 (Doc. 9-2, p. 26). The administrative decision became final when the Appeals Council declined to review the ALJ's decision (Doc. 9-2, p. 2). Magistrate Judge Proud recommends that the Commissioner's final decision be affirmed because it is supported by substantial evidence (Doc. 23, p. 18). Plaintiff objects to Judge Proud's Report and Recommendation, claiming that Judge Proud did not hold the ALJ to the proper legal standard regarding the evaluation of Plaintiff's medical evidence and the determination of Plaintiff's credibility (Doc. 24, p. 2, 8).

## Discussion

Where timely objections to a Report and Recommendation are filed, this Court must undertake a *de novo* review. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); LOCAL RULE 73.1(b) of the United States District Court for the Southern District of Illinois; *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). The Court "has discretion to accept, reject [or] modify" the magistrate judge's recommended decision. *Goffman*, 59 F.3d at 671. In making this determination, the Court must look to all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made'" *Rajaratnam v. Moyer*, 47 F.3d 922, 924 n.8 (7th Cir. 1995), *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8 at p. 55 (1st ed. 1973) (Supp. 1994).

As an initial matter, the Court notes the standard under which it reviews the Commissioner's final decision. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Thus, judicial review is limited to whether the ALJ's findings were supported by substantial evidence and if any errors of law were made. *See Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "The ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions . . . ." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). This Court may not reweigh evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). The Court has reviewed the entire record of proceedings at the administrative level and the briefs filed by the parties in this action.

A.  Dr. Altwal's Opinion

Plaintiff contends that the ALJ improperly rejected the disability findings of her treating physician, Dr. Shadi Altwal. In his June 2010 report, Dr. Altwal opined that Plaintiff can sit for up to one hour per day; stand/walk for up to one hour per day; only occasionally lift up to ten pounds; and only occasionally lift up to five pounds (Doc. 9-8, p. 74-75). The ALJ declined to accord controlling weight to Dr. Altwal's opinion on the grounds that it was "inconsistent with the claimant's statements, the medical evidence of record, and the opinions of the consultative examiners and state agency medical consultants" (Doc. 9-2, p. 25).

After coming to this conclusion, the ALJ properly noted that more weight is generally given to the opinion of a treating physician (*Id.*). *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir.

2000). If a treating physician's opinion is well-supported by medically acceptable diagnostic techniques and is not inconsistent with the other substantial evidence, it is given controlling weight. *See* C.F.R. § 404.1527(c)(2). The ALJ is required only to "minimally articulate" his reasons for accepting or rejecting evidence, which is a "lax standard." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).

Here, the ALJ stated that Plaintiff's description of her daily living in a December 2008 Function Report contradicted Dr. Altwal's opinion. The ALJ noted that, in the Function Report, the Plaintiff "reported that she is able to maintain her personal hygiene, care for her spouse and pet(s), prepare meals, clean the house, wash clothes, wash the dishes, drive, shop for groceries, and handle her own finances, as of that date" (Doc. 9-2, p. 23). The ALJ pointed out that this is inconsistent with the Plaintiff's testimony at the August 2010 administrative hearing that Plaintiff's daughter-in-law and son perform all of the household chores in her home (*Id.* at 22). However, the ALJ did not provide any explanation for his belief that Plaintiff's activities were inconsistent with Dr. Altwal's opinion and failure to do so constitutes error. *See Clifford*, 227 F.3d at 870 (holding that an ALJ's failure to explain his belief that plaintiff's daily activities contradicted the treating physician's opinion constituted error).

The ALJ also found that Dr. Altwal's opinion was inconsistent with the medical evidence of record. Specifically, the ALJ wrote that "[n]o significant functional limitations were described elsewhere in the record and the residual functional capacity described by Dr. Altwal is inconsistent with . . . the observations of Dr. Chapa" (Doc. 9-2, p. 25). ALJ Janney noted that Dr. Chapa, as part of a February 2009 consultative examination, confirmed a diagnosis of rheumatoid arthritis, opined that claimant could perform both fine and gross manipulations with both hands, and found decreased range of motion of both knee joints causing an antalgic gait (*Id.*

4

at 24). He also explained that Dr. Chapa found that Plaintiff had no difficulty in putting her shoes back on or tying her shoelaces, which contradicted Plaintiff's testimony at the August 2010 administrative hearing that she has difficulty tying shoelaces and opening doorknobs (*Id.* at 23). However, the ALJ correctly noted that Dr. Chapa did not provide an opinion regarding Plaintiff's functional capacity (*Id.* at 25). ALJ Janney provided no explanation as to why Dr. Chapa's findings (or the findings of any other treating physician) contradicted Dr. Altwal's opinion regarding Plaintiff's functional capacity. In fact, Dr. Altwal's diagnosis of rheumatoid arthritis, joint pain and swelling, and knee pain is consistent with the opinions of Dr. Chapa and several other treating physicians. Yet, ALJ Janney apparently believed that Dr. Altwal's opinion was inconsistent.

In addition, the ALJ concluded that the opinions of the consultative examiners and state agency medical consultants contradicted Dr. Altwal's opinion. Dr. Sumantra Mitra, a state agency medical consultant, opined that Plaintiff was capable of light work, including standing/walking for a total of 6 hours a day and sitting for 6 hours a day (*Id.*). Although Dr. Mitra's opinion contradicts Dr. Altwal's opinion, it is clearly established that a non-examining doctor's contradictory opinion alone is insufficient to discredit a treating doctor. *See Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003).

While internal inconsistencies may provide good cause to deny controlling weight to a treating physician's opinion, the ALJ here did not adequately articulate his reasoning for discounting Dr. Altwal's opinion. In particular, the ALJ did not explain why Plaintiff's statements and the observations of Dr. Chapa were necessarily inconsistent with Dr. Altwal's finding regarding the disabling effect of Plaintiff's rheumatoid arthritis. In light of these errors,

the ALJ must reevaluate whether Dr. Altwal's disability findings are entitled to controlling weight.

Finally, the Court notes Plaintiff's argument that the ALJ had an affirmative duty, even if Plaintiff was represented by counsel, to develop the record and seek clarification of Dr. Altwal's opinion. Because the Court concludes that the ALJ erred in failing to "minimally articulate" his reasoning for discrediting Dr. Altwal's findings, it is unnecessary to reach this issue.

## B. Plaintiff's Credibility

Plaintiff contends that the ALJ improperly evaluated her testimony regarding her functional capacity. Plaintiff testified that she can stand for five to ten minutes and walk for fifteen minutes before her "back goes numb, down to [her] legs" (Doc. 9-2, p. 51-52). She also stated that the heaviest thing that she has lifted in the past couple of months is a gallon of milk (*Id.* at 52), and that her daughter-in-law and son help with the household chores and yard work (*Id.* at 48-50).

The ALJ did not find the Plaintiff's testimony credible because it was not entirely consistent with the case record (*Id.* at 22). The ALJ first noted that the Plaintiff's testimony that her daughter-in-law and son perform all of the household chores contradicted the Plaintiff's statements in the 2008 Function Report that she was able to perform household chores (*Id.* at 22-23). The Plaintiff attempts to minimize this apparent contradiction by citing a Seventh Circuit case that held that testimony on daily activities did not undermine or contradict claims of disabling pain because "minimal daily activities . . . do not establish that a person is capable of engaging in substantial physical activity." *See Clifford*, 227 F.3d 863, 872 (7th Cir. 2000). But, unlike *Clifford*, where the ALJ reasoned that testimony on daily chores did not contradict claims

6

of disabling pain, the ALJ here reasoned that testimony on not doing daily chores contradicted claims of doing daily chores. Therefore, this precedent is inapposite.

ALJ Janney also concluded that Plaintiff's testimony that she has difficulty tying shoes and opening doorknobs was inconsistent with Dr. Chapa's findings (Doc. 9-2, p. 23). The ALJ noted that Dr. Chapa found that Plaintiff had no difficulty in putting on her shoes or tying her shoelaces (*Id.*). Dr. Chapa also reported grip strength of 5 out of 5 in both hands (*Id.*).

The ALJ gave valid reasons for finding that Plaintiff was exaggerating the intensity, persistence, and limiting effects of her symptoms. *See* 20 C.F.R. § 416.929(c)(3) ("The information that you, your treating or nontreating source, or other persons provide about your pain or other symptoms . . . is also an important indicator of the intensity and persistence of your symptoms." ). The Plaintiff has not demonstrated any error with regard to the credibility findings. As the ALJ's credibility findings were not "patently wrong," they should not be overturned. *Powers v. Apfel,* 207 F.3d 431, 435 (7th Cir. 2000). Therefore, this Court will uphold the ALJ's credibility determination as supported by substantial evidence.

*C. Residual Functional Capacity*

Plaintiff finally contends that the ALJ's finding that she had the residual functional capacity to perform light work is unsupported by the record evidence. Because this Court believes that the ALJ erred in giving little to no weight to Dr. Altwal's opinion without minimally articulating his reasoning, further proceedings are necessary for redetermination of Plaintiff's residual functional capacity.

## Conclusion

Plaintiff's objections to the Report and Recommendation are **SUSTAINED IN PART** and **OVERRULED IN PART**. For the reasons discussed in this Memorandum and Order, the

Court denies Magistrate Judge Proud's Report and Recommendation and **REVERSES AND REMANDS** the final decision of the Commissioner of Social Security. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED:  March 25, 2013

                                                            s/ *G. Patrick Murphy*
                                                            G. PATRICK MURPHY
                                                            United States District Judge